**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

ENRIQUE CASTILLO,

                Plaintiff,

       -against-

Z DELI GROCERY V CORP, *d/b/a* Z GRILL, ALI
ESMAEL ZIAD, and MOHAMMED ZIAD,
*individually*,

                Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

21 Civ. 1744 (GBD) (JW)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Enrique Castillo brings this action against Defendants Z Deli Grocery V Corp, d/b/a Z Grill, Ali Esmael Ziad, and Mohammed Ziad, alleging that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). (Compl., ECF No. 1.) Before this Court is Magistrate Judge Jennifer Willis's January 24, 2024 Report and Recommendation ("Report") recommending that Plaintiff's Motion for Default Judgment be granted and that Plaintiff be awarded damages and pre- and post-judgment interest. (Report, ECF No. 79.) No party has filed objections to the Report. Having reviewed the Report for clear error, this Court ADOPTS the Report except as otherwise noted.

           **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced this action on February 27, 2021. (*See* Compl.) On March 30, 2021, the parties stipulated to an extension of Defendants' time to answer, and Defendants accepted service of the Complaint. (Report at 1; Stipulation and Order Extending Time to Answer, ECF No. 15.) Following discovery, a jury trial date was set for January 9, 2023, and later adjourned to February 28, 2023. (*See* July 26, 2022 Min. Entry; Order, ECF No. 49.) On December 12, 2022,

1

Defendants' attorney moved for leave to withdraw as counsel, citing outstanding legal bills and a breakdown in communication with Defendants. (Mot. to Withdraw as Att'y for Defs., ECF No. 50; Aff. Counsel, ECF No. 50-1.) After holding a conference on January 13, 2023, Magistrate Judge Willis granted defense counsel's motion. (Order, ECF No. 62.) Judge Willis ordered Defendant Z Grill to obtain new counsel by February 3, 2023, and ordered Defendants Ali Esmael Ziad and Mohammed Ziad to obtain new counsel or appear *pro se* by February 3, 2023. (*Id.*) Judge Willis informed Defendants that Z Grill could not appear *pro se* and that failure to obtain counsel would result in a default judgment against the company. (Tr., ECF No. 75, at 12:4–13:8.)

On February 21, 2023, this Court issued an order cancelling the trial because Defendants "failed to respond to Magistrate Judge Willis' Order" and stating that Plaintiff could move for default within sixty days. (Order, ECF No. 65.) Plaintiff moved for default on March 28, 2023. (First Mot. for Default J., ECF No. 70.) On March 31, 2023, Magistrate Judge Willis issued an order stating that her chambers had received a voicemail from Defendant Mohammed Ziad "asking for a return call." (Order, ECF No. 74.) The order clarified that the court may not have *ex parte* conversations and encouraged Defendants to contact the Pro Se Intake Unit or the New York Legal Assistance Group. (*See id.*) Defendants have not since responded or obtained counsel. On September 5, 2023, Magistrate Judge Willis issued an order instructing each Defendant to "submit a letter to the Court by September 18, 2023 to show cause as to why the Court should not enter a default judgment against them." (Order, ECF No. 77, at 2.) Defendants have not responded.

## II. LEGAL STANDARDS

### A. Standard of Review for Reports and Recommendations of a Magistrate Judge

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When there are no

objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note. Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *See United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## B. Motion for Default Judgment

"[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). The court "'may consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or are in doubt,' as well as 'the same factors that apply to a motion to set aside entry of a default: (1) whether the default was willful; (2) whether the plaintiff[ ] would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to plaintiff's claims.'" (Report at 3–4 (quoting *Antolini v. McCloskey*, No. 19-CV-9038 (GBD) (SDA), 2021 WL 3076698, at *3 (S.D.N.Y. July 20, 2021) (citation and internal quotation marks omitted)).)

In the event of default, a plaintiff's factual allegations must be accepted as true, except for allegations related to the amount of damages. *Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219, 231 (S.D.N.Y. 2020) (citations omitted), *report and recommendation adopted*, No. 16-CV-8782 (AJN) (RWL), 2021 WL 2139441 (S.D.N.Y. May 26, 2021); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). To recover damages after default, a plaintiff must provide evidence that "establishes, with reasonable certainty, the basis" for the damages requested.

3

*Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 503 (S.D.N.Y. 2009) (citing *Transatlantic Marine Claims Agency Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997)).

### III.     THE REPORT IS ADOPTED EXCEPT AS OTHERWISE NOTED

#### A.     Defendants Have Defaulted

The grounds for default are clearly established, and the default appears to be willful. *See supra* Section II.B. Magistrate Judge Willis told Defendants directly during a conference that they were required to obtain new counsel and that failure to do so would result in a default judgment. *See supra* Section I. After Plaintiff moved for default, Defendant Mohammed Ziad called Magistrate Judge Willis's chambers, indicating that Defendants were aware of the ongoing proceedings and requirement for them to respond. *See id.* Because Defendants did not respond thereafter, despite multiple opportunities over many months to do so, Plaintiff is entitled to a default judgment. *See id.*

#### B.     Plaintiff Has Established an Overtime Claim Under the FLSA and the NYLL

To establish coverage under the FLSA, a "plaintiff must first show that (1) the defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." (Report at 4 (quoting *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934 (AJN), 2017 WL 4712482, at *7 (S.D.N.Y. Sept. 28, 2017)).) Through well-pleaded allegations in the Complaint, Plaintiff has adequately alleged all three prongs. (*See* Report at 4–8.) Because the requirements for coverage under the NYLL are nearly identical, Plaintiff has also established coverage under the NYLL. (*See id.* at 6–7.)

To establish an overtime claim under the FLSA and the NYLL, a plaintiff must allege that he worked more than 40 hours per week without receiving compensation for the overtime hours at

4

the required rate of one-and-a-half times his regular hourly rate. (*See id.* at 8.) In the Complaint, Plaintiff alleged that he worked more than 40 hours per week throughout his employment without receiving overtime pay. (Compl. at ¶¶ 51–61.) Plaintiff further alleged that Defendants' violation of the overtime provisions of the FLSA and the NYLL was willful. (*Id.*)

Plaintiff has also established timeliness under the FLSA and the NYLL for the reasons stated in the Report. (*See* Report at 8–9.) Because Plaintiff filed the Complaint on February 27, 2021, claims from February 27, 2018, to February 27, 2021, are timely under the FLSA consistent with the FLSA's three-year statute of limitations for willful violations. (*Id.* at 9.) Under the NYLL, claims from February 27, 2015, to February 27, 2021, are timely consistent with the NYLL's six-year statute of limitations. (*Id.*) Plaintiff seeks recovery for claims spanning March 1, 2015, to February 14, 2021. (First Mem. L. in Supp., ECF No. 71, at 9; Decl. Jacob Aronauer in Supp. Ex. A ("Ex. A"), ECF No. 72-1, at 3–8.) Therefore, the NYLL covers the entire period of Plaintiff's claims, while the FLSA covers February 27, 2018, to February 14, 2021. (Report at 9.)

### C. Plaintiff Has Not Established a Wage-Notice or Wage-Statement Claim

Plaintiff has also alleged that Defendants did not provide wage notices or wage statements in violation of the NYLL. (Report at 8, 13–14.) Although Plaintiff sufficiently alleged this violation, Plaintiff has not alleged a sufficient injury to satisfy the requirements for standing under Article III of the Constitution. *See* Compl. ¶¶ 48–50, 62–65, 66–69; U.S. Const. art. III, § 2. To have Article III standing to bring a claim, a plaintiff must demonstrate "(1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of N.Y. Mellon Tr. Co.*, N.A., 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

The Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), clarified that an "asserted informational injury that causes no adverse effects cannot satisfy Article III." *Id.* at 442 (citation omitted). "Following *TransUnion*, courts considering standing under New York's labor law have declined to find standing where plaintiffs have not sufficiently alleged injuries stemming from a lack of wage notices and wage statements." *Liang v. USA QR Culture Indus. Dev. LLC*, No. 22-CV-4841 (PGG) (RWL), 2023 WL 8252962, at *6 (S.D.N.Y. Nov. 29, 2023) (collecting cases). Here, Plaintiff has not alleged any injury or consequences resulting from Defendants' failure to provide wage notices or wage statements. As a result, Plaintiff does not have standing to bring this claim.

**D.     Damages**

To recover damages for the well-pleaded overtime claim, Plaintiff must provide evidence establishing the damages with reasonable certainty. *See supra* Section II.B. Documentary evidence provided by Plaintiff can suffice in lieu of the court holding an evidentiary hearing. (*See* Report at 9 (citing *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 675 (S.D.N.Y. 2011)).) In addition, under the FLSA and the NYLL, a court may presume that an employee's recollection of hours worked is correct where an employer has defaulted. (*See* Report at 9 (citing *Villanueva*, 500 F. Supp. at 232; *Cao v. Chandara Corp.*, No. 00-CV-8057 (SAS), 2001 WL 34366628 (S.D.N.Y. July 25, 2001)).) Based on the documentary evidence provided by Plaintiff and for the reasons stated in the Report, Plaintiff is entitled to the following damages: i) the full overtime rate for each overtime hour worked, ii) liquidated damages, iii) prejudgment interest, iv) post-judgment interest, and v) attorneys' fees and costs.[1] (*See* Report at 10; Decl. Jacob Aronauer in Supp.; Decl. Enrique Castillo in Supp.)

---

[1] Although Plaintiff would appear to be entitled to spread-of-hours damages, as well, he does not seek spread-of-hours damages in the Motion for Default Judgment. (*See* First Mem. L. in Supp.; Decl. Jacob

### i.  Overtime

Plaintiff submitted a chart calculating his unpaid overtime based on the hours he worked and his rate of pay throughout the relevant period as stated in the declarations submitted in support of the Motion for Default Judgment. (*See* Exhibit A at 3–8; Decl. Jacob Aronauer in Supp.; Decl. Enrique Castillo in Supp.) The values used in the chart accurately reflect the hours and pay provided in the declarations. The final unpaid overtime values calculated in the chart are also accurate based on the calculation methods laid out in the Report. (*See* Report at 11–12.) As a result, Plaintiff is entitled to **$360,091.88** in damages for unpaid overtime wages.

### ii.  Liquidated Damages

Under both the FLSA and the NYLL, an employee is entitled to liquidated damages equal to the amount of unpaid wages unless the employer can show good faith. *See* 29 U.S.C. § 216(b); N.Y. Lab. L. §§ 198.1-a, 663.1. "Courts 'deem defendants' actions willful where they have defaulted' and 'obviously' defaulting Defendants therefore make 'no showing of good faith.'" (Report at 13 (quoting *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 WL 4704917, at *15 (S.D.N.Y. Sept. 8, 2016), *report and recommendation adopted*, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016)).) As a result, Plaintiff is entitled to liquidated damages equal to his overtime damages, meaning he is entitled to **$360,091.88** in liquidated damages.

---

Aronauer in Supp., ECF No. 72; Decl. Enrique Castillo in Supp., ECF No. 73.) "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) ("Because complaints can be long and intricate, a lawyer is often required to help a defendant gain a full understanding of the plaintiff's claims. By limiting damages to what is specified in the 'demand for judgment,' [Rule 54(c)] ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer.").

### iii. Prejudgment Interest

The NYLL allows plaintiffs to collect prejudgment interest on compensatory damages, while the FLSA does not allow prejudgment interest. *See* Report at 15; *Xochimitl*, 2016 WL 4704917, at *18. Prejudgment interest under the NYLL is awarded at a rate of nine percent per year. Report at 15; N.Y. Lab. L. § 198.1-a; N.Y. C.P.L.R. § 5004(a). Where "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). "In wage and hour cases, courts often choose the midpoint of the plaintiff's employment within the limitations period" because it is the midpoint "between the dates that the plaintiff started and stopped incurring" the damages on which interest is owed. *Pineda v. Tokana Cafe Bar Restorant Inc.*, No. 16-CV-1155 (JPO), 2017 WL 1194242, at *4 (S.D.N.Y. Mar. 30, 2017).

Plaintiff asks for prejudgment interest only for the period from February 27, 2015, to February 27, 2018, which is the period of Plaintiff's claims covered only by the NYLL. (*See* Exhibit A at 8.) Had he asked for it, Plaintiff might have been entitled to prejudgment interest under the NYLL on his compensatory damages for the entire claim period. *See Cazares v. 2898 Bagel & Bakery Corp.*, No. 18-CV-5953 (AJN) (DF), 2022 WL 1410677, at *10 (S.D.N.Y. Apr. 7, 2022) (explaining that "[w]here a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages"), *report and recommendation adopted*, 2022 WL 1406203 (S.D.N.Y. May 4, 2022); *Rodriguez v. Franco Realty Assocs., LLC*, No. 22-CV-6380 (JPO), 2023 WL 8762994 (S.D.N.Y. Dec. 19, 2023) (awarding prejudgment interest for the entire claim period, including the period covered by both the FLSA and the NYLL). However, this Court may not award Plaintiff more than he requests. *See supra* note 1. As a result, this Court awards Plaintiff prejudgment interest

only on the damages incurred between February 27, 2015, and February 27, 2018, as requested in the Motion for Default Judgment. This portion of the damages is equal to $164,176.88. (Report at 16; Exhibit A at 8.) This Court also adopts Plaintiff's requested midpoint date of August 28, 2016, because it is the midpoint "between the dates that the plaintiff started and stopped incurring" these damages. *Pineda*, 2017 WL 1194242, at *4. As a result, Plaintiff is entitled to nine percent prejudgment interest on the $164,176.88 in damages, calculated from August 28, 2016, to the date of judgment.

### iv. Post-Judgment Interest

Plaintiff requests and is entitled to post-judgment interest as dictated by federal statute. *See* 28 U.S.C. § 1961(a). Post-judgment interest "on any money judgment in a civil case recovered in a district court" is mandatory. *See id.*; *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). Therefore, Plaintiff is entitled to post-judgment interest in an amount consistent with 28 U.S.C. § 1961(a), as recommended by the Report. (Report at 17.)

### v. Attorneys' Fees and Costs

Both the FLSA and the NYLL allow a prevailing plaintiff to recover reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. L. § 198.1. For the reasons stated in the Report, Plaintiff's requested attorneys' fees and costs are reasonable. (Report at 17–19.) Therefore, Plaintiff is entitled to **$17,490.05** in attorneys' fees and costs. (Report at 19.)

## IV. CONCLUSION

Magistrate Judge Willis's Report is ADOPTED except as otherwise noted. Plaintiff's Motion for Default Judgment is GRANTED. Default judgment shall be entered ordering Defendants to pay Plaintiff **$737,673.81**, plus applicable prejudgment and post-judgment interest, calculated as follows: (i) $360,091.88 for unpaid overtime wages; (ii) $360,091.88 in liquidated

damages; (iii) 9% prejudgment simple interest on $164,176.88 of the damages, calculated from August 28, 2016, to the date of judgment; (iv) post-judgment interest pursuant to 28 U.S.C. § 1961(a); and (v) $17,490.05 in attorneys' fees and costs.

Dated: February 28, 2024
       New York, New York

                                          SO ORDERED.

                                          *George B. Daniels*
                                          GEORGE B. DANIELS
                                          United States District Judge