

The Law Offices of Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

May 29, 2024

> The Plaintiff's request to compel is **DENIED.**
> Given Defendants' pending motion to vacate the
> default judgment, Plaintiff's motion is premature.
> SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> UNITED STATES MAGISTRATE JUDGE
> December 20, 2024

<u>Via ECF</u>

Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    21-cv-01744 (GBD)
       <u>Castillo v. Z Deli Grocery V. Corp et al.</u>

Dear Judge Daniels:

This office represents Plaintiff Enrique Castillo. This is a letter motion pursuant to FRCP 69. For the reasons set forth above, we are requesting that the Court compel The MKC Law Group LLC respond to the information subpoena (the "Subpoena"). The Subpoena is annexed as Exhibit A.

The Subpoena seeks all methods of payment issued by Defendants to their former counsel, the MKC Law Group I am attempting to locate the banks used by Defendants to implement a restraining notice.

**Relevant Background**

As the Court is aware, on February 28, 2021 a default judgment was entered against Defendants by the clerk of the Court (dkt 81). On April 16, 2024 I sent an information subpoena to Mr. Chong of the MKC Law Group. Mr. Chong politely refused to provide answers in response to the subpoena. Mr. Chong informed me that he would not provide the information sought on grounds of attorney client privilege.

**Applicable Case Law**

Based on the case law discussed above, Defendants' former counsel should be required to provide the names of all bank accounts used by Defendants to pay their former attorney. Federal Rule of Civil Procedure 69(a)(2) provides that "[i]n aid of" the execution of a judgment, "the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also Blue Citi, LLC v. 5Barz Int'l, Inc.*, 2019 U.S. Dist. LEXIS 234070, at * 3 (S.D.N.Y. Feb. 6, 2019).

In addition, New York civil procedure allows judgment-creditors to serve "information subpoenas" to obtain evidence relating to the judgment-debtor's assets and any other "matters relevant to the satisfaction of the judgment." *Giuliano v. N.B. Marble Granite*, 2014 U.S. Dist. LEXIS 85448, at *3-4 (E.D.N.Y. June 20, 2014); *see also* N.Y. C.P.L.R. §§ 5223-5224.

This Court has jurisdiction to hear Plaintiff's motion. "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012); *see also First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002); *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (Rule 69 "permits 'wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings.'" (*quoting Gibbons v. Smith*, No. 01-CV-1224, 2010 U.S. Dist. LEXIS 13938, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010))); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 1993 U.S. Dist. LEXIS 1929, at *1 (E.D.N.Y. Feb. 23, 1993) (a judgment-creditor "is entitled to [*4] a very thorough examination of a judgment debtor with respect to its assets" (internal quotation marks omitted)).

Plaintiff is within his right to move for compliance due to the failure of Mr. Chong to comply with the information subpoena. *See* Federal Rule of Civil Procedure 37(a) and N.Y. C.P.L.R. § 5224; *see also e Ferrara v. Metro D Excavaction & Found., Inc.*, 2012 U.S. Dist. LEXIS 22443, at *1 (E.D.N.Y. Feb. 22, 2012).

We request that the Court order the parties to comply with the information subpoenas.   We further request that the Court issue an order stating that if the MKC Law Group does not comply with the court order directing compliance with the subpoena, they will be sanctioned or held in contempt by the Court.   *See* Fed. R. Civ. P. 37(b); *see also* N.Y. C.P.L.R. §§ 2308, 5251; *see also Kruse v. Sands Bros. & Co.*, 2003 U.S. Dist. LEXIS 1230, at *1 (S.D.N.Y. Jan. 30, 2003).

This not an attack against Mr. Chong on a personal level who I hold in great regard.

**Conclusion**

On behalf of my client, who is obviously upset that he has not seen any monies from Defendants despite the Court's ruling, I appreciate the Court's consideration.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer

**Via E-mail**
Mr. Michael Chong, Esq.