UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

ENRIQUE CASTILLO,                            :
                                             :
                    Plaintiff,               :
                                             :
          -against-                          :         MEMORANDUM DECISION
                                             :            AND ORDER
Z DELI GROCERY V CORP, *d/b/a* Z GRILL, ALI  :
ESMAEL ZIAD, and MOHAMMED ZIAD,              :         21 Civ. 1744 (GBD) (JW)
*individually*,                              :
                                             :
                    Defendants.              :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Enrique Castillo brings this action against Defendants Z Deli Grocery V Corp,

d/b/a Z Grill, Ali Esmael Ziad, and Mohammed Ziad, alleging that they violated the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor

Law ("NYLL"). (Compl., ECF No. 1.) Before this Court is Magistrate Judge Jennifer Willis's

January 27, 2025 Report and Recommendation ("Report") recommending that the motion to vacate

the default judgment by Ali Esmael Ziad and Mohammed Ziad ("Individual Defendants") be

granted. (Report, ECF No. 95.) No party has filed objections to the Report. Having reviewed the

Report for clear error and finding none, this Court ADOPTS the Report.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on February 27, 2021. (*See* Compl.) On March 30, 2021,

the parties stipulated to an extension of Defendants' time to answer, and Defendants accepted

service of the Complaint. (Stipulation and Order Extending Time to Answer, ECF No. 15.)

---

[1] This Order concerns only Individual Defendants, not the corporate Defendant Z Grill, because only Individual Defendants made the motion to vacate the default judgment.

Following discovery, a jury trial date was set for January 9, 2023 (*See* July 26, 2022 Min. Entry), and later adjourned to February 28, 2023. (Order, ECF No. 49.) On December 12, 2022, Defendants' attorney moved for leave to withdraw as counsel, citing outstanding legal bills and a breakdown in communication with Defendants. (Mot. to Withdraw as Att'y for Defs., ECF No. 50; Aff. Counsel, ECF No. 50-1.) After holding a conference on January 13, 2023, Magistrate Judge Willis granted defense counsel's motion. (Order, ECF No. 62.) Judge Willis ordered the corporate Defendant Z Grill to obtain new counsel by February 3, 2023, and ordered Individual Defendants Ali Esmael Ziad and Mohammed Ziad to obtain new counsel or appear *pro se* by February 3, 2023. (*Id.*) Judge Willis informed Defendants that the corporate Defendant Z Grill could not appear *pro se* and that failure to obtain counsel would result in a default judgment against the company. (Tr., ECF No. 75, at 12:4–13:8.)

On February 21, 2023, this Court issued an order cancelling the trial because Defendants "failed to respond to Magistrate Judge Willis's Order." (Order, ECF No. 65.) Plaintiff was granted permission to move for default within sixty days. (*Id.*) Plaintiff moved for default on March 28, 2023. (First Mot. for Default J., ECF No. 70.) On March 31, 2023, Magistrate Judge Willis issued an order stating that her chambers had received a voicemail from Defendant Mohammed Ziad "asking for a return call." (Order, ECF No. 74.) The order clarified that the court may not have *ex parte* conversations and encouraged *pro se* Defendants to contact the *Pro Se* Intake Unit or the New York Legal Assistance Group. (*See id.*) Defendants did not respond or obtain counsel.

On September 5, 2023, Magistrate Judge Willis issued an order instructing each Defendant to "submit a letter to the Court by September 18, 2023 to show cause as to why the Court should not enter a default judgment against them." (Order, ECF No. 77, at 2.) Defendants did not respond. On November 20, 2023, Plaintiff submitted an application for Default Judgment. (First Letter,

.

2

ECF No. 78.) Defendants did not respond. On January 24, 2024, Magistrate Judge Willis issued a Report and Recommendation, recommending that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded damages and pre- and post-judgment interest. (R&R, ECF No. 79.) Parties did not file any objections to that Report and Recommendation. On February 28, 2024, this Court adopted that Report and Recommendation, except as otherwise noted therein, and granted Plaintiff's motion for default judgment. (Order, ECF No. 80.)

On March 19, 2024, Individual Defendants submitted a letter to Magistrate Judge Willis, objecting to the default judgment against them. (Letter, ECF No. 82.) Individual Defendants filed their motion to vacate the default judgment on July 5, 2024.[2] (Mot. to Vacate Default J., ECF No. 89.)

## I.   LEGAL STANDARDS

### A. Standard of Review for Reports and Recommendations of a Magistrate Judge

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note. Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *See United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

---

[2] The Report mistakenly states that Individual Defendants filed their motion to vacate the default judgment on May 5, 2024. (See Report at 2–3.) This error is immaterial because Magistrate Judge Willis extended the motion deadline to July 8, 2024 (Order, ECF No. 88), and Individual Defendants' motion on July 5, 2024 was after all timely.

### B. Motion to Vacate Default Judgment

Federal Rule of Civil Procedure 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides, in pertinent part, that a district court may grant a motion for relief from a default judgment on the ground of "excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "In applying Rule 60(b)(1) in the context of default judgments, courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983). Courts in the Second Circuit have identified three relevant factors in this determination: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004).

Although "[a] motion to vacate a default judgment is addressed to the sound discretion of the district court," the Second Circuit has "expressed a strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)(internal citation and quotation marks omitted). A defendant's failure to meet one factor is not dispositive, and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

### II.    THE COURT ADOPTS THE REPORT

Magistrate Judge Willis properly decided that all of the three factors favor Individual Defendants, supporting their motion to vacate the default judgment. (Report at 4–8.)

**A. Individual Defendants' default was not willful**

Willfulness in the context of a default judgment requires "something more than mere negligence," such as "egregious or deliberate conduct," although "the degree of negligence in precipitating a default is a relevant factor to be considered." *Green*, 420 F.3d at 108. Magistrate Judge Willis's conclusion is based on the factual record, that Individual Defendants attempted to oppose Plaintiff's motion for default judgment, but made filing mistakes that led to the default. (Report at 5.) It is not clearly erroneous.

This is not a case where Individual Defendants deliberately failed to take the requisite steps to defend their interest in the litigation. Rather, Individual Defendants intended to respond to Plaintiff's motion for default in March 2023, but lacked the specific knowledge as to the appropriate format and the recipient email address to do so. (Report at 5; Mot. to Vacate Default J., at 3–4, 7–9.) Even though this Court had previously decided that Defendants' default was willful (Order, ECF No. 80, at 4), Individual Defendants have since presented to the Court additional evidence to explain their failure to respond. (Letter, ECF No. 82; Decl. of Ziad, ECF No. 90, ¶¶ 34-62.) Furthermore, Individual Defendants also declared their intention to work with the *pro se* clinic at the New York Legal Assistance Group and to meet future deadlines. (Decl. of Ziad, ¶ 62.)

For the purpose of the instant motion, the Court agrees with Magistrate Judge Willis that Individual Defendants' default was not willful. *See Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077–78 (2d Cir. 1995)(despite initial failure to appear, the defendant's failure was not willful when he eventually filed an answer and provided a reason for his failure to appear.)

**B. Individual Defendants demonstrate that a meritorious defense exists**

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998)(internal citation and quotation marks omitted). There is no clear error in Magistrate Judge Willis's conclusion that Individual Defendants provide a complete defense to the FLSA and NYLL claims. (Report at 7–8.)

Individual Defendants argue that Z Grill was not an enterprise or an employer covered by FLSA, and that Defendants appropriately compensated Plaintiff for his overtime work and complied with NYLL. (Mot. to Vacate Default J., at 11–18.) These arguments, if proven at trial, would constitute a complete defense. Further, Magistrate Judge Willis properly noted that these arguments are supported by testimony and documentations. (Report at 7.) Therefore, Individual Defendants have presented meritorious defenses that exceed the low standard of "giv[ing] the factfinder some determination to make." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)(internal citation omitted). They made a sufficient showing at this juncture to allow them to further defend themselves in this litigation.

**C. Vacating the default will not prejudice Plaintiff**

Because Plaintiff failed to object to the Report's conclusion that vacating the default will not prejudice Plaintiff, and this Court also sees no basis upon which Plaintiff could be prejudiced, this factor also favors Individual Defendants. "Delay alone is not a sufficient basis for establishing prejudice." *Davis*, 713 F.2d at 916. Also, Plaintiff did not show that such action would "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal citation and quotation marks omitted). Lastly, Individual

6

Defendants also represent to the Court that they have preserved the relevant records of employment. (Mot. to Vacate Default J., at 9.) It was therefore appropriate for Magistrate Judge Willis to conclude that vacating the default will not prejudice Plaintiff.

**III.   CONCLUSION**

Magistrate Judge Willis's Report is ADOPTED. Individual Defendants' motion to vacate default judgment is GRANTED. The Clerk of the Court is directed to close the motion at ECF No. 89.

Dated: February 27, 2025
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

7